[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : April 15, 1992 Date of Application : April 16, 1992 Date Application Filed : April 30, 1992 Date of Decision : May 25, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. CR90-391532;
Michael Daly, Esq., Defense Counsel, for Petitioner.
John Dropick, Esq., Assistant State's Attorney, for the State. CT Page 5826
Sentence Affirmed.
BY THE DIVISION:
After a trial by jury, the petitioner was convicted of Murder (53a-54a(a). At the time of sentencing he was 19 years of age. He was sentenced to a term of 50 years.
On August 12, 1990 at approximately 4:00 P.M., in view of several witnesses, the petitioner, who was operating a motor vehicle, pulled up near where the victim was standing. After an exchange of words, the petitioner pulled out a knife and stabbed the victim in the chest. The victim staggered, then fell. He died at that time of the stab wound to his lung, pulmonary artery and aorta.
The petitioner and victim had been incarcerated together at the Hartford Correctional Center in 1990 and had an altercation or dispute at that time. While disputed, the petitioner claims that he stopped his car because someone had thrown an object at it, that a crowd was gathering and that he feared for his safety. Although convicted of murder, which is by definition an intentional killing, he insists he had no intent to kill the victim.
He claims his sentence is excessive as it was a heat of the moment exchange, did not involve a stalking or detailed planning, and that he is rehabilitatable. He asks the Division to focus on that aspect of the reason for incarceration and not the punitive or deterrent aspects, which he argues the sentencing court did.
The sentencing court did, in fact, consider the rehabilitative purpose of a sentence as it applied here. It pointed out the lack of evidence that someone threw something at the petitioner's car, that it was more likely that the petitioner saw the victim and deliberately confronted him, the petitioner wanted the victim to know who he was by CT Page 5827 reminding him of the jail incident, and that he deliberately murdered the victim, as the jury found.
The petitioner had prior narcotics convictions involving drug trafficking and a conviction for assault where he struck a victim with a metal pipe. The Court weighed his record and stated that "deterrence may be illusory," and that rehabilitation was problematic. It noted that this was a senseless murder, but nonetheless gave him the consideration it felt warranted by the facts and circumstances.
Reviewing this sentence pursuant to the provisions of Connecticut Practice Book Section 942, the Division concludes that it is neither unduly severe nor disproportionate. It is affirmed.
Klaczak, J.
Purtill, J.
Norko, J.
Purtill, Klaczak and Norko, J.s, participated in this decision. CT Page 5828